# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | CR No.: 5:14-cr-00559-JMC-3 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Alfredo De Jusus Ramirez | ) | |
| | ) | |
| _____ | ) | |

Defendant Alfredo De Jusus Ramirez ("Defendant") is a prisoner currently serving a sentence of 292 months in the Bureau of Prisons. (ECF No. 273.)

This matter is before the court on Defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 324) and the Government's Motion for Summary Judgment (ECF No. 335). For the reasons set forth below, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 324) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 335).

## I.      RELEVANT BACKGROUND

On October 7, 2014, a grand jury handed down a superseding indictment charging Defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. (ECF No. 56 at 1-2 ¶¶ 1-2.) Defendant pled not guilty to the charge on November 18, 2014. (ECF No. 107.) A jury found him guilty as charged on August 19, 2015. (ECF No. 209.)

On February 22, 2016, this court sentenced Defendant to 292 months of imprisonment. (ECF No. 273.) The Fourth Circuit affirmed on direct appeal, upholding this court's order that denied Defendant's pretrial Motion to Suppress evidence from a 2013 traffic stop. (ECF No. 187.) *See United States v. Ramirez*, 669 F. App'x 163, 164 (4th Cir. 2016).

Defendant subsequently filed this Motion to Vacate on July 31, 2017. (ECF No. 324.) He presented the following grounds for relief:

1. Ground 1: "Ineffective Assistance of Counsel by allowing the district court to assume jurisdiction to try the defendant in a criminal adult court."

2. Ground 2: "Ineffective Assistance of Counsel on Direct Appeal. Counsel failed to file an appeal on the (2) points for the gun enhancement and (2) points for the role in offense."

3. Ground 3: "Ineffective Assistance of Counsel on Direct Appeal. Counsel failed to file an appeal on the quantity and type of drugs."

4. Ground 4: "Ineffective Assistance of Counsel at the 'Suppression Hearing' resulting in the denial of due process."

(ECF No. 324 at 4-5, 7-8.) The Government filed a Response in Opposition (ECF No. 334) and a Motion for Summary Judgment (ECF No. 335) on October 23, 2017.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

### III.     LEGAL STANDARD

A. <u>Motions to Vacate Generally</u>

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* § 2255. The prisoner may be entitled to relief upon a showing that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where it conclusively shows from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When reviewing a *pro se* complaint, federal courts should carefully examine the plaintiff's factual allegations to determine whether they could provide a basis for relief. See *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, the "special judicial solitude" with which a district court should view *pro se* complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

B.  Ineffective Assistance of Counsel

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the assistance of counsel for his or her defense. U.S. CONST. AMEND. VI. The purpose of the Sixth Amendment's guarantee of effective counsel is to ensure that a defendant has effective counsel at all critical stages of a criminal proceeding. *See Montejo v. Louisiana*, 566 U.S. 788, 786 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227-28 (1967)). "To prevail on an ineffective assistance of counsel claim under the Sixth Amendment, [Defendant] must show both that (1) his counsel was professionally unreasonable and (2) his counsel's deficient performance prejudiced [Defendant's] defense." *United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984)). "A court need not address both components of this inquiry if [a] defendant makes an insufficient showing on one." *Furnace v. United States*, No. 4:11-cr-00014-RBH, 2011 WL 13177178, at *2 (D.S.C. Dec. 1, 2011) (citing *Strickland*, 466 U.S. at 697).

In regard to the performance prong, a defendant must identify specific acts or omissions of counsel that are not the result of reasonable, professional judgment. *Strickland*, 466 U.S. at 690. In light of all circumstances, keeping in mind that counsel's function is to advance the adversarial process, the court must determine whether the identified acts or omissions were outside the range of professional, competent assistance. *Id.* As such, "a [defendant] must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 688). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A court reviews "the reasonableness of

4

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Merzbacher*, 706 F.3d at 363 (quoting *Strickland*, 466 U.S. at 688).

Concerning the prejudice prong, a defendant must show that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "In order to satisfy the 'prejudice' requirement [in the context of a guilty plea], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

## IV.     ANALYSIS

In this matter, Defendant asks the court to vacate his sentence due to ineffective assistance of counsel. Specifically, Defendant alleges defense counsel failed to: have him tried as a juvenile, appeal two sentencing enhancements, file an appeal based on the quantity and type of drugs used for sentencing, and argue a 2013 traffic stop was unconstitutionally extended. (ECF No. 324 at 4-5, 7-8.) The court considers each of Defendant's allegation in turn under the test set forth in *Strickland*.

A. <u>Ground 1</u>

First, the court finds defense counsel properly declined to challenge whether Defendant should have been tried as an adult. As explained by the Government,

"[t]he Government offered no evidence of Ramirez's involvement prior to his eighteenth birthday (Ramirez was born in January 1994, turning eighteen in January 2012). While the

investigation included evidence of Ramirez's co-conspirators' narcotics trafficking prior to 2012, none of that evidence was presented against Ramirez (who was tried alone)."

(ECF No. 334 at 6-7.)

Additionally, the Government points out that even if evidence of Defendant's criminal activity stretched before his eighteenth birthday,

> the Fourth Circuit has recognized that as a continuing crime, an individual may be tried as an adult based in part on evidence that occurred prior to a defendant's 18th birthday so long as the defendant continued to be involved in the conspiracy after turning 18. *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984) ("The Juvenile Delinquency Act does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor, so there is no question that the district court had jurisdiction over the conspiracy prosecution against [the defendant]. The government presented evidence from which a jury could infer that [the defendant's] involvement in the conspiracy continued after he turned eighteen.").

(ECF No. 334 at 6-7.)

Similarly, Defense counsel explains he was aware that evidence of Defendant's criminal conduct began after his eighteenth birthday, and "there would have been no grounds to challenge this [c]ourt's jurisdiction." (ECF No. 334-1 ¶ 6.) Defense counsel further notes he made arguments before the jury and this court "that the indictment overcharged the Defendant since he was in high school at the time of the outset of the conspiracy alleged and that his co-defendants were likely more culpable than the Defendant due to their involvement in the conspiracy dating back to 2010." (*Id.* ¶ 7.) The court therefore finds Defendant has not met the showing of substandard performance under *Strickland* on Ground One, primarily because a jurisdictional challenge based upon Defendant's age would have been without merit.

B. Ground Two

Next, counsel's decision not to appeal two sentencing enhancements did not amount to ineffective assistance. Specifically, as explained by defense counsel:

> I told the Defendant that I believed that his Fourth Amendment claim was the strongest claim for the appeal and that I thought it would be in his best interest to forego appealing other issues in order to present that claim as it was clearly stronger than other potential issues. During that meeting, the Defendant agreed with the strategy that I had outlined and agreed to the presentation of only the Fourth Amendment claim on appeal.

(*Id.* ¶ 10.)

Defense counsel went on to expound he did not believe challenging the gun enhancement would be successful because it revolved around the credibility of a witness that the court had found credible. (*Id.*) Defense counsel thus "informed the Defendant that since the issue centered on [the witness'] credibility, it was extremely unlikely that the Fourth Circuit would overturn the District Court's credibility finding," and in fact such an appeal would likely hurt Defendant's Fourth Amendment argument because the claim was meritless. (*Id.*)

Regarding the decision to forgo appealing the leadership enhancement, defense counsel feared the Fourth Circuit could "remand the case for an increased sentencing" and disregard the court's decision to sentence at a lesser offense level. (*Id.* ¶¶ 11-12.) Defense counsel further stated that, "[a]s with the gun enhancement, the Defendant agreed to this strategy." (*Id.* ¶ 12.)

The court again finds Defendant has not shown defense counsel provided insufficient assistance under *Strickland*. The decision not to appeal the gun and leadership enhancements were strategic, as defense counsel sought to strengthen Defendant's Fourth Amendment appeal. Moreover, such appeals would have very likely been unsuccessful, or, if successful, perhaps resulted in a higher sentence. Alternatively, even assuming Defendant has meet the performance prong under *Strickland*, he has failed to show to a

reasonable probability that he would have prevailed on this appeal but for counsel's error. Accordingly, Defendant's contention based on Ground Two cannot succeed.

C. Ground Three

Moreover, defense counsel's decision to not challenge "an appeal on the quantity and type of drugs used to sentence" Defendant did not amount to ineffective assistance. (ECF No. 324 at 4, 7.) Defense counsel explains that "Defendant's allegation is incorrect as a matter of fact," because his "drug weight . . . was not driven by his co-defendants' independent drug distributions unrelated to him; instead, his drug weight directly resulted from his activity. Such an appellate argument would have been rejected." (ECF No. 334-1 ¶ 14.)

Defense counsel further points out he nonetheless

> made an argument at sentencing that the Defendant should receive a variance sentence below the applicable guideline range because his co-defendants distributed a similar amount of drugs as he did, since their drugs came from him, and his co-defendants received significantly lower sentences than the guideline range called for the Defendant to receive.

(*Id.* ¶ 15.)

The court again finds Defendant has not shown incompetent assistance under *Strickland*, as defense counsel's advice does not appear to have fallen below an objective standard of reasonableness. Indeed, it seems that such an appeal would have been without merit. Alternatively, Defendant has again failed to show a reasonable likelihood of success on appeal but for defense counsel's alleged error. Defendant's ineffective assistance claim on Ground Three thus fails.

D. Ground Four

Lastly, the court observes that defense counsel in fact argued the 2013 traffic stop was improperly extended, despite Defendant's contentions to the contrary. (ECF No. 179 at 2, 6-8.) Indeed, defense counsel presented this argument "at the pretrial hearing, [and it] was renewed at

8

trial, and was presented again on appeal. The Fourth Circuit clearly understood the nature of the argument as the opinion states 'Ramirez complains that the detention lasted longer than necessary to effectuate the purpose of the stop.'" (ECF No. 334-1 ¶ 16.) Such arguments do not approach the high bar of ineffective assistance under *Strickland*. Accordingly, Defendant's claims of ineffective assistance of counsel under Ground Four is without merit.

## V.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (ECF No. 324) and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 335).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Defendant Michael Carter a certificate of appealability.

IT IS SO ORDERED.

*J. Michelle Childs*
United States District Judge

September 26, 2020
Columbia, South Carolina